IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | |
|---|---|
| JOZO DJAK, | * |
| Plaintiff, | * |
| v. | *   CIVIL NO.: WDQ-11-2388 |
| TARGET MY PAY & BENEFITS, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Jozo Djak, *pro se*, sued Target Corporation[1] ("Target") for breach of contract in the District Court of Maryland for Howard County. Target removed to this Court on the ground that Djak's claim was preempted by the federal Employee Retirement Income Security Act of 1974[2] ("ERISA"). For the following reasons, Djak's motion to remand[3] will be granted.

I. Background

On June 10, 2011, Djak paid $1900.06 to Target My Pay & Benefits through a bill paying website. Compl. 1. Target My Pay & Benefits credited the money toward health insurance

---

[1] Djak identified the Defendant as "Target My Pay & Benefits," which Target asserts is not a legal entity entitled to sue or be sued. Answer 2.

[2] 29 U.S.C. §§ 1001 *et seq.*

[3] The Court treats Djak's "Response to Notice of Removal of Action," ECF No. 11, as a motion to remand.

1

benefits for Djak's wife, who works for Target.[4] ECF No. 12 at 2. Djak intended, however, to make the payment to a Target Visa credit card. Compl. 1. Target has refused to return the money. *Id*. As a result, Djak was charged a late fee and interest on his credit card. *Id*.

On July 18, 2011, Djak sued Target in the District Court of Maryland for Howard County. On July 25, 2011, Target received a copy of Djak's complaint. ECF No. 1 at 2. On August 24, 2011, Target removed to this Court. ECF No. 1. On September 16, 2011, Djak opposed removal. ECF No. 11. On September 22, 2011, Target filed a reply in support of its notice of removal. ECF No. 12.

II. Analysis

Target argues that removal was appropriate under 28 U.S.C. §§ 1331 and 1441 because this Court has federal question jurisdiction[5]: Djak's state claim for breach of contract relates to his payment to an employee benefit plan governed by ERISA. ECF No. 1 at 1-2. Djak counters that the "case is not a dispute

---

[4] The parties dispute whether a bill for these benefits was outstanding. Target contends that it was. ECF No. 1 at 1. Djak asserts that his wife had "overpaid by $316.56." Compl. 1.

[5] The civil cover sheet to Target's notice of removal lists diversity as the basis for this Court's jurisdiction. ECF No. 1, Ex. 1 at 1. But diversity jurisdiction requires that the amount in controversy exceed $75,000. 28 U.S.C. § 1332. Djak seeks only $1900.06. Compl. 1.

2

under ERISA" because it does not relate to benefits or the payment of plan premiums. ECF No. 11.

A. Removal under 28 U.S.C. § 1441

A defendant can remove a civil action to federal court "only if the district courts of the United States have original jurisdiction over it." *Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005) (*quoting* 28 U.S.C. § 1441(a)). The removing party must prove subject matter jurisdiction, which exists if "the face of the complaint raises a federal question." *Id.* (*citing* 28 U.S.C. § 1441(b)). Because removal raises "significant federalism concerns," the removal statutes must be strictly construed, and all doubts must be resolved in favor of remanding the case to state court. *Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005).

Generally, removal on the basis of federal question jurisdiction is appropriate only if the plaintiff's "well-pleaded complaint" raises issues of federal law. *Lontz*, 413 F.3d at 439. Thus, "state law complaints usually must stay in state court when they assert what appear to be state law claims." *Id.* at 440. The complete preemption doctrine is a "narrow exception" to this rule. *See id.* at 439-40. Under this doctrine, "if the subject matter of a putative state law claim

has been totally subsumed by federal law . . . then removal is appropriate." Id.[6]

B. ERISA Preemption

Target contends that Djak's claim "is barred under the express provisions of ERISA"[7] and "it is important to have this case handled by a federal judge who is familiar with ERISA." ECF No. 1 at 2.  Djak counters that the case was properly filed in state court.

"ERISA's civil enforcement provision, § 502(a), completely preempts state law claims that come within its scope and converts these state claims into federal claims under § 502." *Darcangelo v. Verizon Comm'cns, Inc.*, 292 F.3d 181, 187 (4th Cir. 2002) (internal citations and quotation marks omitted).  A state claim is preempted by §502 if: (1) the plaintiff has standing under § 502(a), (2) the claim is within the scope of § 502(a), and (3) the claim is not capable of resolution without interpretation of the ERISA plan.  *See Sonoco Prods. Co. v. Physicians Plan, Inc.*, 338 F.3d 366, 372 (4th Cir. 2003).  Under

---

[6] "[W]hen complete preemption exists, there is no such thing as the state action since the federal claim is treated as if it appears on the face of the complaint because it effectively displaces the state cause of action.  Complete preemption thus transforms the plaintiff's state-law claims into federal claims." Id. at 441 (internal citations and quotation marks omitted).

[7] Target cites ERISA's jurisdictional provision, 29 U.S.C. § 1132(e), which grants federal district courts exclusive jurisdiction over certain ERISA claims.  ECF No. 12 at 2.

§ 502(a), plan participants, beneficiaries, and fiduciaries may bring claims to recover benefits, enforce or clarify rights under an ERISA plan, or force disclosure of certain information. 29 U.S.C. § 1132(a).

Target's bare assertion that ERISA bars Djak's claim does not satisfy the requirements for removal.  Determining whether a balance was due for the health benefits for Djak's wife may require interpretation of an ERISA plan.  Nonetheless, Target has not established that Djak is a participant, fiduciary, or beneficiary of his wife's health plan.  On the face of his complaint, Djak does not seek to recover benefits, enforce or clarify rights under an ERISA plan, or force disclosure of information.  Because "federal jurisdiction is doubtful, a remand is necessary."  *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

III. Conclusion

For the reasons stated above, Djak's motion to remand will be granted.

__9/28/11__  
Date

__/s/__  
William D. Quarles, Jr.  
United States District Judge